WIETERS v. GIDEON.

WIETERS v. BATEMAN.

WIETERS v. MAY.

AMENDING PLEADINGS—ANSWER—ATTORNEYS—COMPROMISE—TRESPASS.—
Two suits are brought on same trespass, one in Federal Court and one in State Court. Different lawyers represented the defendant in each case. The attorney in the Federal Court settles the claim against his client without prejudice to and not to affect the further progress of the suit in the State Court. On motion in State Court by attorney representing defendant there, it not appearing that client had agreed to the stipulation as to the effect of the compromise on the suit in the State Court, the defendant's attorney in that Court is

permitted to serve supplemental answer setting up this compromise as a satisfaction of the trespass.

Before MEMMINGER, J., Charleston, July 25, 1905.    Reversed.

Motion in case of (1) Rudolph D. Wieters against M. B. Gideon *et al.*, (2) same plaintiff against J. F. Bateman, (3) same plaintiff against J. A. May *et al.*, for leave to amend answer.    From refusal of motion, defendants appeal.

*Messrs. Bellinger & Welch,* for appellants, cite: *Refusal of motion to amend was controlled by error of law:* 60 S. C., 140; 21 Ency., 60-61; 21 Ency. P. & P., 62.    *Both suits are based on the same cause of action:* 12 Ency. P. & P., 153; Bliss Code Plead., secs. 113, 115; Pom. Rem., sec. 314. *The cause of action cannot be split so as to maintain two different suits in courts of concurrent jurisdiction:* Bliss. Code Plead., sec. 118; 39 Mich., 719; 20 Barb., 282; 18 *Vt.,* 253; 4 N. Y., 579; 39 Kan., 465; 104 Mass., 328; 23 Am. R., 279; 73 Ala., 595.    *The cause of action in the Federal Court is ended:* 39 Pac., 660; Pom. Rem., sec. 314; 2 Johns., 471; 17 Minn., 48; Fed. Cas., No. 897, 3245; 8 Md., 230; 21 Ga., 427; 34 Ia., 544; 6 N. E., 705; 52 Mo., 224; 10 N. W., 728; 28 Tex., 584; 10 S. C., 440.    *If the attorney had power to make the compromise, the Court should not by consent of counsel continue the consideration of a cause which has been terminated:* Pom. Rem., sec. 314; 3 Fla., 134; 5 Nev., 15; 45 Am. R., 361; 21 Ga., 427; 12 Heisk, 158; 3 Ency., 357.    *Without express authority, Mr. Mordecai could not bind clients by stipulation as to State Court:* 15 N. W., 353; 9 Miss., 248; 15 Am. R., 72; 69 Ala., 574; 65 Am. Dec., 380; 3 Ency., 347; 141 N. Y., 302; 1 Hill, 184.    *Attorney cannot transfer any property rights of his client:* 4 DeS., 45; 10 Ia., 92; 67 Ill., 278; 3 Ency., 353; 12 S. C., 509; 1 Bail., 473; 8 Md., 699; 3 Ency., 345; 1 N. W., 210.    *Nor can he stipulate for surrender of any*

*substantial defense not included in the pending action:* 25
N. J. Eq., 188; 11 Abb. Prac., 66; 11 Kan., 554; 33 N. E.,
578; 3 Ency., 345; 21 Minn., 56; 36 N. Y. Supp., 142.
*Mr. Mordecai's employment ended with ending of federal
suit and he had no authority to make a stipulation as to
future suits:* 3 Ency., 331; 37 Barb., 97; 48 Am. Dec., 732;
1 S. C., 310; 3 Ency., 317. *The client in this case, nor
attorney in another case, can make no stipulation binding
on the attorney here as to matters of defense:* 2 Pa., 137;
18 Abb. Proc., 264; 1 Wend., 108; Fed. Cas., No. 10264;
30 St. Cl., 343; 71 Fed., 924; 40 Ind., 384; 46 Fed. Cas.,
No. 10624; 29 Cal., 147; Hill's Code, 680; 71 Fed. R., 928.
*Payment or satisfaction must be pleaded:* 16 Ency. P. & P.,
182; 7 John., 194; 5 Pet., 310; 1 Chitty, 635.

*Mr. J. K. P. Bryan,* contra, cites: *Permitting supplemental pleading is matter of discretion:* 60 S. C., 135.

March 26. 1907.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   The appeals in these cases involve
the same question and were heard together.

In November, 1903, the plaintiff, Wieters, brought separate actions against Gideon, Bateman and Mays in the
Court of Common Pleas for Charleston County, alleging
in each case that the defendant was a State constable under
the Dispensary law; that he had given an official bond conditioned for the faithful discharge of his duty as such, and
that on the 22nd of August, 1903, he had breached his bond
by committing an assault and battery on the plaintiff, to his
damage ten thousand dollars. Judgment was demanded in
each case for five hundred dollars, the penalty of the bond.

On November the 7th, 1903, the same plaintiff, claiming
to be a citizen of Germany, brought his action in the United
States Circuit Court, District of South Carolina, against the
same defendants, and J. H. Grady and William Hoy, jointly,

alleging as a first cause of action that the defendants, on the 22nd day of August, 1903, while acting as dispensary constables, "having combined, confederated and agreed to injure and oppress plaintiff," committed an assault and battery on him, to his damage ten thousand dollars; and alleging as a second cause of action the commission of the same assault and battery by the defendants, but omitting the charge of conspiracy and the allegation that the defendants were acting as State constables.

In the suits on the official bond in the State Court the defendants were represented by G. Duncan Bellinger, Esq., as counsel; and in the suit in the Federal Court by Hon. U. X. Gunter, Attorney General, and Messrs. Mordecai & Gadsden.

On the 28th of June, 1905, Mr. Bellinger, on behalf of the defendants, gave notice of a motion for leave to file a supplemental answer in the causes pending in the State Court, in which he proposed to allege: that since the commencement of the actions the plaintiff had accepted of the defendants eleven hundred dollars in full settlement of the suit in the Federal Court, and had discontinued it; that the discontinuance of the suit in the Federal Court was a bar to further prosecution of the actions in the State Court; and that the settlement so made, being for the same tort alleged in these actions, operated as a full accord, satisfaction and settlement thereof.

At the hearing of the motion there was submitted an affidavit of Mr. J. K. P. Bryan, attorney for the plaintiff in all of the actions, to the effect that the settlement of the suit in the Federal Court was made between himself and Mr. Mordecai, one of the attorneys for the defendants in the Federal Court; and that it was expressly agreed the settlement and discontinuance of that suit should be without prejudice to the suits in the State Court, and not affect their further prosecution; that in such settlement Mr. Mordecai exacted of him an option to settle the suits in the State Court

for one thousand dollars additional, and communicated that fact to Mr. Bellinger, advising him to accept the option.

Judge Memminger heard the motion and refused it, summarizing his reasons for the refusal in the conclusion of his decree, as follows: "To my mind, the question is not one of law, as to the effect of a judgment of continuance or otherwise in the United States Circuit Court, but is a pure and simple question of agreement between these defendants and the plaintiff, made through their authorized attorneys in the United States Circuit Court. Having assented to the agreement that the settlement of the cases there 'was without prejudice to and was not to affect the further prosecution of the several suits * * * in the State Court,' these defendants are bound by that agreement, and it would be unconscionable to allow them to offer it in defense here, in distinct breach of said agreement. Although, of course, it is superfluous to add, their attorney here, Mr. Bellinger, was not a party to said agreement, and is only acting, so far as he is concerned, in the utmost good faith herein in their behalf."

Motions for leave to file supplemental pleadings are addressed to the discretion of the Court, *Copeland* v. *Copeland,* 60 S. C., 135, and this discretion will rarely be interfered with except for error of law. In this case, the Circuit Judge rested his conclusion on the assumption that the affidavit of Mr. Bryan showed the defendants had agreed to the condition that they should not set up the settlement as a bar to the further prosecution of the suits in the State Court, or were bound by the agreement made by Mr. Mordecai. As there is nothing in the affidavit indicating assent or knowledge on the part of the defendants themselves to such a condition, the decree of the Circuit Court can only rest on the legal conclusion, that as to that condition the defendants were bound by the assent of Mr. Mordecai by reason of the fact that he was their attorney in the cause which was settled and discontinued. This view of the law was erroneous.

An attorney at law in this State has no right by virtue of his retainer to compromise his client's cause. *The Treasurers* v. *McDowell,* 1 Hill, 120; *Gilliland, Howell & Co.* v. *Gasque,* 6 S. C., 406. The agreement of Mr. Mordecai, as attorney, that defendants should pay eleven hundred dollars to settle the cause in his charge was confirmed by his clients by the actual payment of the money; but there is nothing to show confirmation by the defendants of the stipulation that this settlement should not affect the defenses which should be made in other causes with which Mr. Mordecai had no connection. Any agreement made by Mr. Mordecai with respect to the suits with which he had no connection was outside the scope of his authority, and could not bind the defendants or other counsel whom they had placed in charge of such suits. *Annely* v. *DeSaussure,* 12 S. C., 509; *Clark* v. *Randall,* 76 Am. Dec., 262, note; *Board of Commissioners* v. *Younger,* 87 Am. Dec., 167, note; *Cameron* v. *Boeger,* 93 Am. St., 170, note.

Stated briefly, the defense which the defendants ask to set up in their supplemental answer is this: The settlement and discontinuance of the suit in the Federal Court for a consideration was a satisfaction of the trespass for which the suits were brought, for the payment must be referred to the trespass. The suits in the State Court, it is true, are on the bonds, but satisfaction for the trespass is satisfaction of the bond as to the plaintiff, for the bond is to protect against the trespass. While it would be premature to pass on the sufficiency of the defense, clearly it raises a grave question, which, if decided in favor of the defendants, would be conclusive of the cause. As the refusal to grant leave to file the proposed supplemental answer rested on the error of law, that the agreement made by Mr. Mordecai bound the defendants not to make the defense proposed, the judgment of the Circuit Court must be reversed.

It is the judgment of this Court that the judgment of the Circuit Court be reversed.